IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALFONZO SANCHEZ,** **Plaintiff** | : : : |
| v. | : **CIVIL ACTION NO. 21-CV-4797** : |
| **MR. PIROLLI,** *et al.,* **Defendants** | : : : |

### ORDER

AND NOW, this 29th day of December, 2021, upon consideration of Plaintiff Alfonzo Sanchez's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 10), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Alfonzo Sanchez, #095098, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Bucks County Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Sanchez's inmate account; or (b) the average monthly balance in Mr. Sanchez's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Bucks County Correctional Facility or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Sanchez's inmate trust fund account exceeds $10.00, the Warden of Bucks County Correctional Facility or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to Mr. Sanchez's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Bucks County Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Mr. Sanchez's Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

    a. The following claims are **DISMISSED WITH PREJUDICE**:

        1. any official or individual capacity claim against Defendant Wallace Bateman, to the extent Mr. Sanchez seeks to bring that claim based on Judge Bateman's role presiding over Mr. Sanchez's criminal case as a judge of the Court of Common Pleas;

        2. any official or individual capacity claim against Defendant Bucks County District Attorney Matt Weintraub, to the extent Mr. Sanchez seeks to bring that claim based on Mr. Weintraub's actions representing the Commonwealth of Pennsylvania in the Court of Common Pleas;

        3. all claims against all defendants based on the handling of grievances;

        4. all claims based on deliberate indifference to a serious medical need against all defendants other than Primecare Medical;

        5. all claims against all defendants based on loss or theft of personal property; and

        6. all claims against all defendants based on Mr. Sanchez's placement in administrative segregation.

    b. The following claims are **DISMISSED WITHOUT PREJUDICE:**

        1. all other official capacity claims against all defendants;

        2. Mr. Sanchez's claim based on a denial of access to counsel;

        3. Mr. Sanchez's claim based on his placement in disciplinary segregation;

        4. Mr. Sanchez's claims based on deliberate indifference to a serious medical need against Defendant Primecare Medical.

6. The Clerk of Court is **DIRECTED** to send Mr. Sanchez a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

7. Mr. Sanchez is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim with regard to those claims not already dismissed with prejudice. Any amended complaint shall identify **all** defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Mr. Sanchez's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-4797. **If Mr. Sanchez files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Mr. Sanchez's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.** Claims that are not included in the amended complaint will

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

not be considered part of this case. When drafting his amended complaint, Mr. Sanchez should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Mr. Sanchez does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Frank Bocherrek, Dan Onisek and DiSandro **only** with regard to Mr. Sanchez's individual capacity claim against them based on retaliation. Mr. Sanchez may also notify the Court that he seeks to proceed on these claims only rather than file an amended complaint. If he files such a notice, Mr. Sanchez is reminded to include the case number for this case, 21-4797.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

_____
GENE E. K. PRATTER, J.