# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONZO SANCHEZ<br>    **Plaintiff,**<br>v.<br>MR. PIROLLI, *et al.*,<br>    **Defendants.** | CIVIL ACTION NO. 21-4797 |

## ORDER

AND NOW, this 2nd day of March 2022, upon consideration of Plaintiff Alfonzo Sanchez's Motion for Temporary and Permanent Injunction [Doc. No. 20], Motion for Continuance to file Amended Complaint [Doc. No. 22]; and Amended Complaint [Doc. No. 24], it is **ORDERED** that:

1. The Motion for Continuance [Doc. No. 22] is **GRANTED in part** and **DENIED as moot in part**, as follows:

    a. To the extent that the Motion for Continuance asks for "a copy of everything filed in this court . . . so [Mr. Sanchez can] review the record to even file a concise Amended Complaint," the Motion is **GRANTED**.[1] The Clerk of Court is **DIRECTED** to send Sanchez:

        i. Another blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.

        ii. A copy of each of the Docket, the Complaint [Doc. No. 2], the Exhibits filed by Plaintiff Alfonzo Sanchez [Doc. No. 7], the Court's

---

[1] Sanchez alleges that his legal documents relating to this case were taken following a search of his cell, preventing him from filing a concise Amended Complaint. Mot. Continuance [Doc. No. 22] ¶ 4.

        Memorandum Opinion of December 29, 2021 [Doc. No. 15], the Court's Order of December 29, 2021 [Doc. No. 16], the Exhibits filed by Plaintiff Alfonzo Sanchez [Doc. Nos. 17, 18], the Amended Complaint [Doc. No. 24], this Order and the accompanying Memorandum Opinion.[2]

    b. To the extent that the Motion for Continuance asks for additional time to file an Amended Complaint, it is **GRANTED** to the extent that Sanchez may file a second amended complaint as explained in the next paragraph. [3]

2. The Amended Complaint (ECF No. 24) is **STRICKEN** for failure to comply with the Court's prior Order (ECF No. 16).[4] On or before **March 31, 2022,** Sanchez may file a second amended complaint. Any second amended complaint must identify **all** defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, must state the basis for Sanchez's claims against each defendant, and must bear the title "Second Amended Complaint" and the case number 21-4797. **If Sanchez files a second amended complaint, his submission must be a COMPLETE DOCUMENT that does not rely on (or incorporate by reference) the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. This means that Sanchez must raise all factual allegations and**

---

[2] Although Sanchez asks for a copy of "everything filed in this court," in context the Court interprets this as a request for each filing relevant to the filing of a Second Amended Complaint.

[3] This Motion also briefly asks the Court to appoint counsel. Sanchez repeats that request more fully in a separate motion. As it is premature to appoint counsel before Sanchez's complaint is fully screened on the merits, the Motion to Appoint Counsel [Doc. No. 21] will be addressed at a later time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (Before determining whether to appoint counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim.").

[4] The prior Order was issued by the Honorable Gene E.K. Pratter. This case was reassigned to the undersigned on January 12, 2022. *See* Order of Jan 12, 2022 [Doc. No. 23].

**claims that he seeks to bring against any named Defendants in his second amended complaint. Any claims or allegations that are not included will not be considered part of this case. Sanchez must repeat the claims that the Court did not previously dismiss if he seeks to proceed on those claims.** When drafting his pleading, Sanchez should be mindful of the Court's reasons for dismissing his claims as explained in the Court's prior Memorandum and in the Memorandum accompanying this Order.

3. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. If Sanchez does not file a second amended complaint, the Court will direct service of his initial Complaint on Defendants Bocherrek, Onisek and DiSandro **only** with regard to Sanchez's individual capacity claim against them based on retaliation. Sanchez may also notify the Court that he seeks to proceed on these claims only rather than file a second amended complaint. If Sanchez files such a notice, he is reminded to include the case number for this case, 21-4797.

5. The Motion for Temporary and Permanent Injunction is **DENIED without prejudice to refiling** as premature.

6. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

        **BY THE COURT:**
        **/s/ Cynthia M. Rufe**

        **CYNTHIA M. RUFE, J.**