IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONZO SANCHEZ, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-4797 |
| : | |
| MR. PIROLLI, *et al.*, : | |
|     Defendants. : | |

**ORDER**

AND NOW, this 13th day of June, 2022, upon consideration of Plaintiff Alfonzo Sanchez's Second Amended Complaint (ECF No. 28) and separately filed exhibit (ECF No. 27), it is **ORDERED** that:

1. The following claims in the Second Amended Complaint are **DISMISSED WITH PREJUDICE**: all official capacity claims; all claims based on grievances; claims based on disciplinary segregation against Defendants Pirolli, Kratz, Lagana, Galione, Metellus, Reed, Captain Nottingham, Lieutenant Mazzocchi, Coyne, Harvie, Ellis-Marseglia, DiGirolamo, Bateman, Weintraub, Warrell, Russavage-Faust, Shenk, Dopson, Grace, and Webster; all claims based on conditions of confinement; all claims based on properly loss; all claims based on the loss of visitation privileges; and the medical claims asserted against Defendants PrimeCare Medical, "Mental Health Dept. BCCF", Nurse Lynn, Russ, Jen, Sam, Rachel, and Dr. Cassidy.

2. The Clerk of Court is **DIRECTED** to terminate PrimeCare Medical, "Mental Health Dept. BCCF", Nurse Lynn, Linda Oglen, Mr. Russ, Ms. Jen, Ms. Sam, Rachel, and Dr. Cassidy as Defendants.

3. The Clerk of Court is specially appointed to serve written waiver requests on Defendants Frank Bocherrek, Dan Onisek, DiSandro, Pirolli, Kratz, Lagana, Galione, Metellus,

Reed, Captain Nottingham, Lieutenant Mazzocchi, Coyne, Harvie, Ellis-Marseglia, DiGirolamo, Bateman, Weintraub, Warrell, Russavage-Faust, Shenk, Dopson, Grace, Webster, John or Jane Doe, and Nurse Eden pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service requests shall be accompanied by a copy of the Second Amended Complaint and the attached Memorandum and shall inform the Defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow the Defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Complaint to the U.S. Marshals Service for immediate service.

4. Service shall be made upon any John or Jane Doe Defendants if and when Sanchez provides sufficient identifying information to allow for service.

5. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
>
> _____
>   (Signature)"

6. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with

the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Sanchez is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

7. Sanchez is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Sanchez shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

8. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

9. In the event a summons is returned unexecuted, it is Sanchez's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

10. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

BY THE COURT:

/s/ MICHAEL M. BAYLSON

MICHAEL M. BAYLSON, J.